Adalberto Sosa **LOPEZ;**
**et al., Petitioners,**

v.

John **ASHCROFT, Attorney**
**General, Respondent.**

No. 02–71526.

Agency Nos. A75–260–187, A75–260–188, A75–260–189, A75–260–190.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.[*]

Decided Jan. 16, 2004.

Walter Rafael Pineda, Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin,

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Adalberto Sosa–Lopez, his wife, and their two children, natives and citizens Mexico, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying their applications for asylum and withholding of removal and pretermitting their applications for cancellation of removal. We have jurisdiction to review petitioners' due process contentions, and we review de novo. *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002). We deny the petition.

Petitioners' first contention, that the BIA's decision "without opinion" violates due process, is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Petitioners next contend that they had "settled expectations" that the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") would apply to them because they applied for asylum prior to the effective date of the permanent rules of the IIRIRA. This contention is foreclosed by *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

